FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 25 1996

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                    PLAINTIFF

v.                    Civil No. J-C-95-137

NUCOR-YAMATO STEEL COMPANY                                  DEFENDANT

## ORDER

The Equal Employment Opportunity Commission ("EEOC") filed this action alleging that defendant has failed or refused to hire black persons into Craft and Operative positions because of their race. It seeks a permanent injunction against discriminatory practices and equitable relief in the form of back pay and reinstatement.

Defendant answered and requested a jury trial. The EEOC has moved to strike the jury demand. Section 102 of the Civil Rights Act of 1991 provides for a jury trial in Title VII cases where the complaining party seeks compensatory or punitive damages. Here, the EEOC has requested only equitable relief, and states that it does not intend to seek compensatory or punitive damages.

Defendant argues that the 1991 Civil Rights Act does not apply as the acts complained of occurred prior to the effective date of the Act. If such is the case, then it is even more apparent that defendant has no right to a jury trial. The case law has clearly established that actions under the Civil Rights Act of 1964, as amended, are equitable in nature, and there is no right to a jury trial. Thus, the EEOC's motion to strike the jury

-1-

demand is granted.

The EEOC has filed a motion to bifurcate the issues of liability and individual relief. Defendant objects, and requests that the Court dismiss the EEOC's class action allegations.

The requirements of Rule 23 of the Federal Rules of Civil Procedure are not applicable to enforcement actions brought by the EEOC in its own name and pursuant to its authority under §706. The EEOC may proceed with a suit in its own name without seeking class certification in order to protect the public interest in eliminating discriminatory employment practices. General Telephone Co. v. EEOC, 446 U.S. 318 (1980). See EEOC v. Hacienda Hotel, 881 F.2d 1504, 1519 (9th Cir. 1989) (EEOC has right of action independent of employees' private rights of action); EEOC v. United Parcel Service, 860 F.2d 372 (10th Cir. 1988) (EEOC has standing to challenge employment practice on behalf of class of individuals). Thus, defendant's request to dismiss the "class allegations" is without merit; the EEOC does not bring this action as a Rule 23 class action.

The EEOC asks that the Court bifurcate the trial and so that the issues of liability and injunctive relief can be heard separately from the issues of money relief to individual claimants. The complaint is vague regarding the number of persons who might be included, although the EEOC in its motion states that the number of potential class members is between 20 and 50. In light of the number of potential aggrieved individuals, the Court is persuaded that bifurcation would be in the interest of judicial

economy.

Accordingly, the motion to strike the jury demand is granted; the motion to bifurcate the issues of liability and individual relief is granted; the motion to dismiss class allegations is denied; the motion of Terry E. Schraeder, Esq. to appear *pro hac vice* is granted.

IT IS SO ORDERED this 24th day of January, 1996.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE

-3-

This document entered on docket sheet in compliance with Rule 58 and/or 79(a) FRCP on  1/25/96  by  jt

AO 72A
(Rev. 8/82)